IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD A. HERNANDEZ,

    Petitioner,                                    No. 2:10-cv-1342 KJN

    vs.

FRANCISCO JACQUEZ, Warden,

    Respondent.                                 ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        On May 27, 2010, petitioner filed a motion for extension of time and to consolidate petitions for writ of habeas corpus, signed under penalty of perjury. Good cause appearing, petitioner's motion will be construed as a motion to stay this action while he awaits a decision from the California Supreme Court on three unexhausted ineffective assistance of counsel claims not contained in the May 27, 2010 petition. Petitioner states that upon

1

1  discovering his appellate counsel failed to raise these important claims, he immediately filed
2  petition #C064124, which he declares is presently pending before the California Supreme Court.
3        Under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), a district court has discretion to
4  grant a stay and abeyance of a mixed petition if: (1) "the petitioner had good cause for his failure
5  to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no
6  indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544
7  U.S. at 278.  The Supreme Court made clear, however, that because staying a federal habeas
8  petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay
9  the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal
10 habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state
11 court, "stay and abeyance should be available only in limited circumstances." <u>Rhines</u>, 544 U.S.
12 at 277.  Even if a petitioner shows good cause, the district court should not grant a stay if the
13 unexhausted claims are plainly meritless.  <u>Id.</u>  Finally, federal proceedings may not be stayed
14 indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to
15 exhaust additional claims.  <u>Id</u>. at 277-78.
16       Petitioner has exhausted the claims contained in his original petition.  Petitioner
17 has demonstrated good cause for his failure to exhaust the remaining three claims, which are
18 potentially meritorious, and it appears petitioner diligently pursued exhaustion of these claims
19 once he became aware appellate counsel failed to raise them.  Moreover, because petition
20 #C064124 is presently pending before the California Supreme Court, the delay in pursuing this
21 action will not be unreasonable.
22       Good cause appearing, IT IS HEREBY ORDERED that:
23       1.  Petitioner is granted leave to proceed in forma pauperis.
24       2.  Petitioner's May 27, 2010 motion, construed as a motion for stay, is granted.
25       3.  This action is stayed pending exhaustion of state remedies as to petitioner's
26 claims of ineffective assistance of counsel contained in state petition #C064124.

4. Petitioner is directed to file a motion to lift the stay within thirty days from the date of any order by the California Supreme Court resolving the claims referred to in paragraph 3. Petitioner is cautioned that failure to timely comply with this order may result in denial of a motion to amend to include these additional claims.

5. The Clerk of the Court is directed to administratively close this case.

DATED: July 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hern1342.sty